1  Gary A. Wolensky (#154041)
   gwolensky@hewittwolensky.com
2  Janet L. Hickson (#198849)
   jhickson@hewittwolensky.com
3  Erica M. Fisher (#253068)
   efisher@hewittwolensky.com
4  HEWITT WOLENSKY LLP
   4041 MacArthur Blvd., Suite 300
5  Newport Beach, CA 92660
   Telephone: (949) 783-5050
6  Facsimile: (949) 783-5059

7  Attorneys for Defendants
8  Johnson & Johnson Healthcare Products
   Division of McNeil PPC, Inc. (improperly
   sued as Johnson & Johnson Healthcare
9  Products, A Division of McNeil-PPC, Inc.)
   and Pfizer Inc.
10



11              UNITED STATE DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  INGRID ISENBERG, an individual,      CASE NO. CIV 10-08080 GHK (PJWx)

14              Plaintiffs,              **STIPULATED PROTECTIVE
                                          ORDER**
15  vs.

16  JOHNSON & JOHNSON and
    JOHNSON & JOHNSON                    CTRM:        650
17  HEALTHCARE PRODUCTS                  JUDGE:       Hon. George H. King
    DIVISION OF McNEIL-PPC, INC.,        MAGISTRATE:  Hon. Patrick J. Walsh
18  New Jersey corporations; PFIZER
    INC., a Delaware corporation; and    DATE OF FILING : October 27, 2010
19  DOES 1-10, inclusive,
                                         TRIAL DATE:   None
20              Defendants.



21                                       Note changes p.13
                                         + p.14 [GW]
22      Pursuant to Fed. R. Civ. P. 26(c), by agreement of Johnson & Johnson

23  Healthcare Products Division of McNeil PPC, Inc. (improperly sued as Johnson &

24  Johnson Healthcare Products, A Division of McNeil-PPC, Inc.) ("J&JHPD")and

25  Pfizer Inc. ("Pfizer") (collectively "Defendants") and Ingrid Isenberg ("Plaintiff")

26  through their respective counsel of record, the Court finds that good cause exists for

27  entry of a protective order in the above-captioned matter to prevent unauthorized

28

disclosure and use of the Defendants' trade secrets and other confidential information during and after the course of this litigation.

Accordingly, IT IS HEREBY ORDERED THAT:

**1.   <u>Materials Covered</u>**

Any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery materials which that party or person produces, serves, or provides in connection with this Action as "Confidential" or "Highly Confidential", as described below.

a.   "Confidential Material" shall mean material which contains trade secrets or other confidential non-public research and analysis, development or commercial information, internal communications regarding Confidential Material, non-public personal information, which is, in the normal course of business, maintained as confidential and which has not been released into the public domain; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.   "Highly Confidential Material" shall mean any Confidential Material that contains trade secrets, highly sensitive and non-public research and analysis, customer information, current (not more than five (5) years old) financial, marketing, and strategic business planning information (including past information indicative of current practices), current or any future pricing information, information relating to research, development, testing of, and plans for, a party's existing and proposed future products, information relating to the processes, apparatus, or analytical techniques used by a party in its present or proposed commercial production of such products,

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

35686

STIPULATED PROTECTIVE ORDER

1        information relating to pending or abandoned patent applications
2        which have not been made available to the public, communications
3        regarding any of the Highly Confidential Material, and any other
4        information that a party believes in good faith could be used by a
5        competitor to harm its business.

6   c.    "Medical Record" shall mean any document pertaining to the health or
7        mental health care treatment of Plaintiff, including documents and
8        records that relate to Plaintiff's past, present or future physical or
9        mental health condition, any health care provider's provision of health
10       care to Plaintiff, and the past, present or future payment for the
11       provision of healthcare to Plaintiff and any other documents pertaining
12       to Plaintiff protected by HIPPA. Medical records do not have to be
13       marked as "Confidential" as otherwise contemplated in this Order.

14   d.    Any document produced by a party in this litigation may be designated
15       as Confidential material by marking it "CONFIDENTIAL: SUBJECT
16       TO PROTECTIVE ORDER," or words to that effect, on the face of
17       the document at or prior to the time of production.  Any document
18       produced by a party in this litigation may be designated as Highly
19       Confidential Material by marking it "HIGHLY CONFIDENTIAL:
20       SUBJECT TO PROTECTIVE ORDER," or words to that effect, on
21       the face of the document at or prior to the time of production.  Further,
22       documents contained on a CD-ROM or DVD that is designated as
23       "Confidential," "Highly Confidential," or "Subject to Protective
24       Order," or words to that effect, shall be treated as confidential pursuant
25       to this Order, even if the individual files or documents contained on
26       the CD-ROM or DVD are not superimposed with the words
27       "Confidential," "Highly Confidential," or "Subject to Protective
28       Order" to the best of the parties' abilities to identify these materials as

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-9950

35686

STIPULATED PROTECTIVE ORDER

1            confidential and protected without Defendants marking them as such.

2            All designations will be made by an attorney.

3     e.     Any person giving deposition testimony in this litigation as a

4            representative of a party may designate any or all of the testimony as

5            Confidential Material or as Highly Confidential Material. The person

6            desiring to designate any portion of a deposition as Confidential

7            Material or Highly Confidential Material shall do so on the record

8            while the deposition is being taken, either personally or through

9            counsel. Additionally, any party may designate the transcript of any

10           deposition (or of any other testimony) as containing Confidential

11           Material or Highly Confidential Material in accordance with this Order

12           by notifying the opposing party in writing, within thirty (30) days of

13           receipt of the transcript that it contains Confidential Material or Highly

14           Confidential Material. All such transcripts shall be treated as Highly

15           Confidential Material and subject to this Protective Order until a time

16           thirty (30) days after a transcript of the deposition is received. Any

17           portion of any deposition testimony that is not designated as

18           Confidential Material or Highly Confidential Material in accordance

19           with paragraph 5 hereof, within thirty (30) days after a transcript of the

20           deposition is received, shall not be entitled to the protections afforded

21           under this Protective Order.

22  **2.**   **Disclosure of Documents**

23     a.     All materials produced in discovery, that which is designated

24            "Confidential," "Highly Confidential," and "Medical Records" shall be

25            used solely in furtherance of the prosecution or defense of this Action,

26            shall not be used at any time for any other purpose whatsoever, and

27            shall not be disclosed to or made accessible to any person except as

28            specifically permitted by this Order.

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

35686

STIPULATED PROTECTIVE ORDER

- 4 -

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

b.     Each person to whom "Confidential" or "Highly Confidential" material is disclosed, except the persons identified in Paragraphs 3(a)-(d) and 4(a)-(c) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order, before receiving "Confidential" or "Highly Confidential" material. Copies of this executed Declaration shall be retained by counsel disclosing "Confidential" or "Highly Confidential" material to such person.

c.     Notwithstanding any contrary provision in this Order, a party is permitted to disclose "Confidential," "Highly Confidential," and "Medical Records" documents to the extent required by a valid subpoena or other valid legal process, provided however that the party provides the designating party (including any party, third-party or non-party that originally produced the material that is to be treated pursuant to this Order as Confidential or Highly Confidential) with advance written notice of such subpoena or other legal process, via electronic mail/PDF, or hand delivery, at least fourteen (14) business days before disclosure or a lesser period if such notice is not practicable, in order to afford the designating party an opportunity to object.

**3.**    **"Confidential" Materials**

Disclosure of "Confidential" materials may be made only to:

a.     the Court, its secretaries, clerks, and law clerks in the manner set forth herein;

b.     attorneys for a party who are working on this Action and their employed secretaries, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

STIPULATED PROTECTIVE ORDER

35686

c.  court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters");

d.  any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by counsel for any of the parties in this Action to assist counsel in this Action, provided that such expert or consultant:

(1) is not an employee of:

(i) any party, or a subsidiary, parent or affiliate of any party, or

(ii) any other manufacturer of oral health or consumer products in the United States or a subsidiary, parent or affiliate of any such manufacturer, or

(iii) any person or entity that has acquired and/or purchased a manufacturer described in (ii) or a subsidiary, parent or affiliate of any such person or entity; and

(2) is not, at the time of engagement, a consultant (other than a testifying expert or litigation consultant) to any entity described in (1)(i) or (1)(iii) if that consultation relates to the subject matter of the Confidential or Highly Confidential materials disclosed under this Paragraph or Paragraph 4(e);

e.  any person or individual who may testify as a witness either at a deposition or court proceeding in this Action, provided however that such disclosure may only occur for the purpose of assisting the preparation or examination of the witness (this category hereinafter referred to as "Witness"); and

f.  any other person that all parties agree to in writing.

/ / /

/ / /

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-0050

STIPULATED PROTECTIVE ORDER

35686

- 6 -

4. **"Highly Confidential" Materials** *Disclosure of highly Confiden-tial materials may be made only to:*

    a. the Court, its secretaries, clerks, and law clerks in the manner set forth herein;

    b. Attorneys (as defined in Paragraph 3(b) above;

    c. Court Reporters (as defined in Paragraph 3(c) above);

    d. Experts (as defined in Paragraph 3(d) above); and

    e. Witnesses (as defined in Paragraph 3(e) above), provided however that such disclosure shall only be made to a witness:

        i. Who is a current employee of the party producing the "Highly Confidential" material; or

        ii. Who is a former employee of the producing party and who originally created or received the document in the ordinary course of that employment; or

        iii. Who is a former employee of the producing party and who originally had an authorized right of access to the document in the ordinary course of that employment; or

        iv. If the material was already in the public domain or otherwise disclosed to the public; or

        v. Who is an author, addressee, or recipient of the material in question, or if there are other indicia that the witness has seen the document previously; or

        vi. If the party seeking to disclose the material provides counsel for the designating party (including any party, third-party or non-party that originally produced the material that is to be treated pursuant to this Order as Highly Confidential) with advance written notice, via electronic mail/PDF, or hand delivery, at least seven (7) business days before disclosure, that states the identity of the material for which disclosure is sought and the identity of

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

35686

the witness to whom disclosure would be made.  Counsel for the designating party may challenge the proposed disclosure of a material pursuant to this provision, by providing counsel for the party seeking disclosure with a written objection, via electronic mail/PDF or hand delivery, within three (3) business days thereafter.  If a written objection is made, the party seeking disclosure shall not proceed with disclosure unless authorized to do so pursuant to the procedures described in Paragraph 6 below.

5.   **"Medical Records"**

Disclosure of "Confidential" materials may be made only to:

a.   the Court, its secretaries, clerks, and law clerks in the manner set forth herein;

b.   attorneys for a party who are working on this Action and their employed secretaries, paralegals, legal assistants, and outside support services (including, without limitation, copy services, document management services, and graphics services) (this category hereinafter referred to as "Attorneys");

c.   court reporters, court videographers, and similar transcription services (this category hereinafter referred to as "Court Reporters"); and

d.   any expert or consultant (including all non-party personnel assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by counsel in this Action to assist counsel in this Action.

6.   **Invocation of This Order**

The protection of this Order may be invoked with respect to any covered material by the party or person producing or disclosing such material in the following manner.  With respect to documents, each page containing "Confidential"

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-0500

STIPULATED PROTECTIVE ORDER

35686

1  or "Highly Confidential," or words to that effect, information shall bear the clear

2  and legible designation "Confidential" or "Highly Confidential."  With respect to

3  answers to interrogatories or requests for admission, each page of these responses

4  containing "Confidential" or "Highly Confidential" information shall also be so

5  marked.  With respect to any deposition, such treatment may be in invoked by: (a)

6  declaring the same on the record at the deposition; or (b) designating specific pages

7  and/or lines as "Confidential" or "Highly Confidential," or words to that effect, and

8  serving such designations within thirty (30) business days after receipt of the

9  transcript of the deposition in which the designations are made.  All deposition

10  transcripts shall be treated as "Highly Confidential" for the thirty (30) business day

11  period following receipt of the transcript.

12  **7.   Challenge to Designation**

13  A party shall not be obligated to challenge the propriety of a confidentiality

14  designation at the time the designation is made.  A party may make a good faith

15  challenge to a confidentiality designation within sixty (60) days of receipt of the

16  document.   Any party wishing to challenge the "Confidential" or "Highly

17  Confidential" designation assigned by another party or other person with respect to

18  any material shall give written notice of such objection to counsel for the

19  designating party.  The parties shall then attempt to resolve such dispute in good

20  faith on an informal basis, and pursuant to Local Rules 37-1 and 37-2, including the

21  requirement that the parties file a Joint Stipulation concerning the matters in

22  dispute.   In the event any objection to a designation is not first resolved by

23  agreement of counsel, it shall be the burden of the party challenging the

24  "Confidential" or "Highly Confidential" designation to file an appropriate motion

25  with the Court after counsel confer in good faith.  Such a motion may be made

26  without notice to any party other than the designating party and any papers filed in

27  support of or in opposition to said motion shall, to the extent necessary, be filed

28  under seal to preserve the claimed confidentiality of the material.  Upon the filing

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

1    of such a motion, the burden rests upon the party or person designating

2    "Confidential" or "Highly Confidential" material to demonstrate the propriety of

3    such designation.   Until the parties or the Court resolves a challenge to the

4    designation of "Confidential" or "Highly Confidential" material, the original

5    designation shall remain in full force and effect. All challenges to the propriety of a

6    confidential designation must be made prior to sixty (60) days before trial.  If a

7    "Confidential" or "Highly Confidential" document is produced within sixty (60)

8    days before trial then the challenging party must challenge the designation

9    immediately and not more than ten (10) days after the material is produced.

10   **8.      Time for Contesting Confidentiality**

11            Any documents or information covered by this Order shall, at the conclusion

12   of this Action, if not previously contested and removed from the protections of this

13   Order, remain protected and any party or other person on their behalf is precluded

14   from later challenging the Confidentiality of those documents or information.

15   **9.      Handling of Confidential and Highly Confidential Materials**

16            All material designated "Confidential" or "Highly Confidential," or words to

17   that effect, shall remain in the possession of the counsel of record to whom such

18   material is produced and they shall not permit any such materials to leave their

19   possession, except that copies of such materials may be made for the use of those

20   assisting counsel to whom disclosure may be made under paragraphs 3 and 4 above,

21   and copies may be submitted to the Court under seal as necessary.  Within sixty

22   (60) days after such time as this Action is concluded, whether by final adjudication

23   on the merits from which there remains no right of appeal, or by other means, any

24   party or person producing "Confidential" or "Highly Confidential" material may

25   require upon written request the return or destruction of all materials and copies

26   thereof containing "Confidential" or "Highly Confidential" information (including

27   but not limited to copies in the possession or control of any Expert or employee).

28   / / /

HEWITT WOLENSKY LLP
4041 MacArthur Blvd, Suite 300
Newport Beach, California 92660
(949) 783-5050

35686

STIPULATED PROTECTIVE ORDER

**10.   Inadvertent Production of Privileged Documents**

Inadvertent production of any document produced in response to discovery requests in this Action by any party or person, that such party or person later claims should have been withheld on grounds of a privilege (an "Inadvertently Produced Privileged Document"), including but not limited to the work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either as to specific information in the Inadvertently Produced Privileged Document or as to any other information relating thereto or on the same or related subject matters. A party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document may notify any party that received the documents and state the basis for withholding such document from production. After being notified, any possessing party must not use or disclose the document until the claim is resolved and must take reasonable steps to retrieve the document if the party disclosed it before being notified. In addition, within five (5) days, any possessing party must return or destroy the specified document and any copies it has and the producing party must retain a copy of the document until the resolution or termination of this Action. After a document is returned or destroyed pursuant to this Paragraph, a party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production.

**11.   Inadvertent Failure to Designate**

In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential" or "Highly Confidential," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with the confidentiality designation that the producing party states should have been affixed to it. The producing party must then re-produce the document, paper, or thing in accordance with the confidentiality designation that the producing party states

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

35686

STIPULATED PROTECTIVE ORDER

1  should have been affixed to it. The inadvertent failure of a party or person to

2  designate documents as "Confidential" or "Highly Confidential," or words to that

3  effect, at the time of production shall not be deemed a waiver of the protections

4  afforded by this Order, either as to specific information in the document or as to

5  any other information relating thereto or on the same or related subject matter.

6  If a document that was inadvertently not designated as "Confidential" or

7  "Highly Confidential" was produced prior to it being designated as such then the

8  party that disclosed the non-designated material must take all reasonable and

9  necessary steps to ensure that the persons that received the non-designated material

10  be notified immediately that the material is "Confidential" or "Highly

11  Confidential", the material should be marked as "Confidential" or "Highly

12  Confidential," and that it is subject to this Protective Order.

**12.  Information From Third-Party Sources**

14  To the extent that any discovery requests are served on a non-party, the party

15  serving the discovery shall, at the time of service, provide the non-party with a copy

16  of this Order. This provision does not apply to the service of subpoenas on medical

17  providers or entities as to Plaintiff's medical treatment.

**13.  Use in Court Proceedings**

19  Nothing contained in this Order shall be construed to prejudice any party's

20  right to use at trial or in any hearing before the Court any "Confidential" or "Highly

21  Confidential" material or "Medical Records". The parties reserve the right to seek

22  additional relief from the Court with respect to "Confidential" or "Highly

23  Confidential" material or "Medical Records" that may be presented at trial or in any

24  hearing before the Court.

25  With respect to the use of "Confidential" or "Highly Confidential" material

26  or "Medical Records" at any pretrial hearing before the Court, the party expecting

27  to use such material shall give seven (7) business days advance notice (not less than

28  48 hours) to the designating party (including any party, third-party or non-party that

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

35686

STIPULATED PROTECTIVE ORDER

- 12 -

1  originally produced the material that is to be treated pursuant to this Order as

2  "Confidential" or "Highly Confidential" or "Medical Records"), that identifies the

3  material intended to be used, to enable the designating party to seek relief from the

4  Court as appropriate, provided that the advance notice provision shall not apply if

5  (i) the Court indicates that the trial or pre-trial hearing will be closed to persons

6  other than those to whom disclosure of the material is permitted pursuant to

7  Paragraph 3 and 4 above, (ii) circumstances arise in good faith that render such

8  advance notice objectively unfeasible, and the party expecting to use such material

9  informs the disclosing party as soon as possible and, in all events, prior to

10  introducing or otherwise using the material, or (iii) the material, though designated

11  "Confidential" or "Highly Confidential," was previously used in a public hearing.

12  Notwithstanding the foregoing, a party may use another party's "Confidential" or

13  "Highly Confidential" materials or "Medical Records" on cross-examination or

14  redirect examination at a hearing provided that party has given reasonable notice to

15  the designating party that identifies the materials intended to be used, to enable the

16  designating party to seek relief from the Court as appropriate.

17      All parties agree not to oppose a request to close the courtroom to protect

18  "Confidential" or "Highly Confidential" materials or "Medical Records" (but not

19  including trial). If the Court orders the courtroom to be closed to the public, then

20  any "Confidential" or "Highly Confidential" materials or "Medical Records" may

21  be presented openly in the courtroom. If the Court declines to order the courtroom

22  to be closed, then any "Confidential" or "Highly Confidential" materials or

23  "Medical Records" shall be presented to the Court for review *in camera* or as the

24  Court may otherwise direct.

25  **14.   Filing "Confidential" or "Highly Confidential" Materials in Court**

26      No "Confidential" or "Highly Confidential" materials shall be filed in the

27  public record of this Action. All pleadings, motions, or other papers filed with the

28  Court that contain or make reference to material designated as "Confidential" or

HEWITT WOLENSKY LLP
404 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5550

35686

STIPULATED PROTECTIVE ORDER

1 "Highly Confidential" may only be filed under seal with the Court by placing the
2 document in a sealed envelope with the following information printed on the
3 envelope: case number, case name, complete title of document, and the words,
4 "CONFIDENTIAL DOCUMENTS FILED BY____(name of party) UNDER SEAL
5 PURSUANT TO PROTECTIVE ORDER." When submitting any Protected
6 Material to the Court, the parties shall comply with Local Rule 79-5. Prior to
7 disclosure at trial or a hearing of materials or information designated "Confidential"
8 or "Highly Confidential," the parties may seek further protection against public
9 disclosure from the Court. To the extent allowed by Rule or Court Order, all oral
10 presentations to the Court (except for trial), including any such "Confidential" or
11 "Highly Confidential" documents or Confidential information are to be held *in*
12 *camera* until such time as the Court orders otherwise.

13     The papers will be deemed timely filed when a notice of filing under seal is
14 lodged with the Clerk of Court and an electronic version of the brief or submission
15 (without attachments or exhibits) is transmitted to counsel for all relevant parties
16 via electronic mail/PDF, or hand delivery; the materials filed under seal may be
17 filed with the Court the following day.

18 **15.**   **Filing "Medical Records" in Court**

19     Prior to filing any medical records in Court the parties will meet and confer
20 in good faith to discuss what portion of the Medical Records should be redacted and
21 filed under seal pursuant to Local Rule 79-5.

22 **16.**   **Disposition of Documents**

23     Absent Court Order to the contrary, all documents and materials, and copies
24 of documents and materials subject to this Stipulated Protective Order of
25 Confidentiality upon written request shall be returned and surrendered to the
26 producing party upon the conclusion of this lawsuit against Defendants.
27 Conclusion shall be taken and construed as the date sixty (60) days following the
28 entry of a final, non-appealable order disposing of this lawsuit. Upon such

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

35686

STIPULATED PROTECTIVE ORDER

1  conclusion, counsel of record shall notify counsel for the producing party of
2  compliance but shall not be required to make any oath. Counsel shall make a
3  reasonable effort to retrieve any document or information subject to this Order from
4  any party or non-party witness to whom such information has been given, and shall
5  notify counsel for the producing party of the failure to retrieve any such
6  information. Such notification shall include descriptive detail of any document or
7  material not returned.

8  **17.** **Further Application**

9      Nothing in this Order shall preclude any party, or any nonparty from whom
10  discovery has been requested, from applying to the Court for additional or different
11  protective provision with respect to specific material if the need should arise during
12  this Action.  The Court shall retain jurisdiction over the parties, and over any
13  person executing an undertaking to be bound by the terms of this Order, during the
14  pendency of this Action.  The Court shall retain jurisdiction over the parties, and
15  over any person executing an undertaking to be bound by the terms of this Order,
16  during the pendency of this Action and for such time thereafter as is needed to carry
17  out the terms of this Order.

18  **18.** **Reservation of Rights**

19      By designating any material "Confidential" or "Highly Confidential" the
20  parties do not acknowledge that any such material is relevant or discoverable in this
21  Action.  All parties reserve the right to seek discovery of, or alternatively to resist
22  discovery of such material in this Action.

23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

STIPULATED PROTECTIVE ORDER

35686

**19.   Modification by the Court**

The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

ENTERED AND ORDERED:    *12/23/11*

_Patrick J. Walsh_

Honorable Patrick J. Walsh
United States Magistrate Judge

**SEEN and AGREED:**

Dated: December 21, 2011          HEWITT WOLENSKY LLP

By: _____
Gary A. Wolensky
Janet L. Hickson
Erica M. Fisher
Elizabeth A. Kurtz
Attorneys for Defendants Johnson &
Johnson Healthcare Products Division
of McNeil-PPC, Inc. and Pfizer Inc.

Dated: December 21, 2011          Marian S. Rosen & Associates

By: _____
Marian S. Rosen (admitted pro hac)
marian@marianrosen.com
Marian S. Rosen & Associates
5065 Westheimer Road, Suite 840
Houston, Texas 77056
713.222.6464/713.227.4703 fax

Brian W. Smith (admitted pro hac)
bws@smithvanture.com
Smith&Vanture, LLP
1615 Forum Place, Suite 4-C
West Palm Beach, Florida 33401
561.684.6330/561.688.0630 fax

Mark A. Milstein
mmilstein@milsteinadelman.com
Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
310.396.9600/310.396.9635 fax

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 200
Newport Beach, California 92660
(949) 783-5690

35686

- 16 -

STIPULATED PROTECTIVE ORDER

**PROOF OF SERVICE**

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4041 MacArthur Blvd., Suite 300, Newport Beach, CA 92660.

    On December 21, 2011, I served, in the manner indicated below, the foregoing document described as **STIPULATED PROTECTIVE ORDER** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Newport Beach, addressed as follows:

*Please see attached Service List*

☒    BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Newport Beach, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. 5(b)(2)(C).

☐    BY FACSIMILE: (F.R.C.P. 5(b)(2)(F)

☐    BY FEDERAL EXPRESS:  I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees(F.R.C.P. 5(b)(2)(F).

☒    BY ELECTRONIC SERVICE: I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties below, to the email addresses listed below. (F.R.C.P. 5(b)(2)(E) **[ALL OTHER PARTIES]**

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on December 21, 2011, at Newport Beach, California.



Kathryn F. Smith

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-9050

ATTACHMENT "A"

- 1 -

## Service List

### Isenberg v. Johnson & Johnson – CV 10-08080 GHK (PJWx)

Marian S. Rosen
Marian S. Rosen & Associates
5065 Westheimer Road, Suite 840
Houston, Texas 77056

**PLAINTIFF'S COUNSEL**

713.222.6464
713.227.4703 fax
marian@marianrosen.com

Brian W. Smith
Smith & Vanture, LLP
1615 Forum Place, Suite 4-C
West Palm Beach, Florida 33401

**PLAINTIFF'S COUNSEL**

561.684.6330
561.688.0630 fax
bws@smithvanture.com

Mark A. Milstein
Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

**PLAINTIFF'S COUNSEL**

310.396.9600
310.396.9635 fax
mmilstein@milsteinadelman.com

ATTACHMENT "A"

# EXHIBIT "A"

**EXHIBIT A**

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID ISENBERG, an individual, | CASE NO. CIV 10-08080 GHK (PJWx) |
| Plaintiffs, | **SECRECY AGREEMENT** |
| vs. | |
| JOHNSON & JOHNSON and JOHNSON & JOHNSON HEALTHCARE PRODUCTS DIVISION OF McNEIL-PPC, INC., New Jersey corporations; PFIZER INC., a Delaware corporation; and DOES 1-10, inclusive, | CTRM:        650<br>JUDGE:       Hon. George H. King<br>MAGISTRATE:  Patrick J. Walsh<br><br>DATE OF FILING : October 27, 2010<br><br>TRIAL DATE:    None |
| Defendants. | |

I have read the Stipulated Protective Order entered in the matter of *Isenberg vs. Johnson & Johnson, et al.*, Civil Action No. 10-08080 GHK (PJWx), United States District Court, Central District of California; and

I am familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any designated Confidential Information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any designated Confidential Information are to be returned to counsel who provided me with such material. I will not divulge to persons other than those specifically authorized by said Order, except as provided in said Order. I also agree to notify any stenographic or clerical

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

ATTACHMENT "A"

- 1 -

1    personnel who are required to assist me of the terms of said Order. I agree to

2    submit to the jurisdiction of the Court for purposes of enforcement of the Order.

3        I state under penalty of perjury under the laws of the United States of

4    America that the foregoing is true and correct.

5        Executed on this day of _____, 201__.

6

7                  _____

                                    Signature

8

9                  _____

                                   Name (printed)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-9030

ATTACHMENT "A"